IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

PAUL D. WILLIAMS,                    §
(BOP Register No. 07339-051),        §
    Petitioner,                  §
                                 §
VS.                                  §    CIVIL ACTION NO.4:11-CV-135-Y
                                 §
REBECCA TAMEZ, Warden,               §
FCI-Fort worth,                      §
    Respondent.                  §

ORDER ADOPTING
MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Paul D. Williams under 28 U.S.C. § 2241, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1.  The pleadings and record;

2.  The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on August 31, 2011; and

3.  The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on September 27, 2011.

The Court, after **de novo** review, concludes that the Petitioner's objections must be overruled,[1] and the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be dismissed for

---

[1] Williams's objection that the reference in the magistrate judge's report to his conviction for kidnaping in violation of 18 U.S.C. § 1201(a)(1) involving the "sexual assault of his then estranged wife," somehow prejudiced him in his institution of confinement, is overruled. Even though Williams was acquitted of a rape count, the 1993 published opinion of the United States Court of Appeals for the Fifth Circuit affirming Williams's other convictions expressly noted that "[Williams] was convicted by a jury of kidnaping his estranged wife with the intent of committing "immoral" acts (sexually assaulting his wife while their child watched) . . .." *United States v. Williams*, 998 F.2d 258, 260 (5ᵗʰ Cir. 1993). The court of appeals also noted that "[t]he government presented evidence that Williams raped *and* assaulted his wife in the presence of their infant son, while Williams was transporting his wife and son in interstate commerce against their will." *Id.*, at 262 (emphasis in original). Williams's challenge to the magistrate judge's reference to his filing of a § 2254 petition also is without merit as the Public Access to Court Electronic Records ("Pacer") system lists that Paul Dana Williams, #07339-051, filed a petition under 28 U.S.C. § 2254 in 1997 in case number 2:97-CV-304-CAB, in the United States District Court for the District of Wyoming.

lack of jurisdiction, for the reasons stated in the magistrate judge's findings and conclusions, and for the reasons stated in respondent Tamez's response, at pages 5-7.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Paul D. Williams's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction.

SIGNED October 12, 2011.

_Terry R. Means_
_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE